Timothy **CRAWFORD**, Movant,

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

No. 2012–SC–000052–KB.

Supreme Court of Kentucky.

April 26, 2012.

---

## OPINION AND ORDER

Having reached an agreement with the Kentucky Bar Association (KBA) regarding consensual discipline, Timothy Crawford now petitions this Court to impose a sixty-one day suspension, thirty-one days of which is probated for two years, provided Crawford does not receive any additional disciplinary charges during that time

and that he completes the next Ethics and Professionalism Enhancement Program (EPEP). Crawford concedes he violated the Rules of Professional Conduct in KBA files 18346, 19271, 19296 and 19682. Crawford, whose KBA member number is 15678 and whose last known bar roster address is 317 N. Main Street, Corbin, Kentucky 40701, was admitted to the practice of law in the Commonwealth on November 7, 1984.

The problematic conduct underlying this disciplinary case stems in large part from the actions of Crawford's assistant, Mary Vicini, and his receptionist, Linda Blair, who appear to have been accepting clients and working on cases without Crawford's knowledge or consent, as well as concealing from him the existence of this and prior disciplinary action.

### KBA File 18346

In 2004, Crawford agreed to represent Joette Ziarko after she was involved in a personal injury accident. Crawford filed the Complaint on July 1, 2004 and thereafter did initial work on Ziarko's case before moving to withdraw as counsel on May 8, 2008. Crawford's motion to withdraw was granted and the accompanying order was mailed to all parties, including Ziarko. In addition, on June 8, 2008, Crawford prepared and signed a letter to Ziarko confirming he had withdrawn as counsel and informing her she had thirty days to obtain a new attorney and could pick up her file at her convenience. On October 21, 2008, the court issued a Notice to Dismiss Ziarko's case for lack of prosecution, which was mailed to Ziarko and Crawford. Crawford also mailed Ziarko a letter enclosing copies of the notice to dismiss and the order granting his motion to withdraw as counsel.

Despite the order granting Crawford's withdrawal and the notice to dismiss, Ziarko apparently believed Crawford still represented her and was advancing her case, a belief that was perpetuated by Vicini, who continued to communicate and work with Ziarko despite Crawford's withdrawal as counsel. Over the course of several months, Vicini repeatedly lied to and misled Ziarko regarding the status of her case, telling her, among other things, that her case was set for mediation and that it would be settled. On October 18, 2009, Ziarko realized something was amiss when she received an order dismissing her case for lack of prosecution. On October 28, 2009, Ziarko filed a pro se motion to reinstate but it was denied.

Ziarko's Bar Complaint was mailed to Crawford's office and was signed for by Linda Blair, his receptionist. When Crawford failed to respond, the Complaint was sent to the Sheriff, who attempted personal service,[1] and was eventually served on the KBA Executive Director according to SCR 3.175. A reminder letter and the Charge were similarly served on the Executive Director. The KBA charged Crawford with violating SCR 3.130(1.3) (failing to diligently represent); SCR 3.130(1.4)(a) and (b) (failing to inform); SCR 3.130(8.1)(b) (knowingly failing to respond to disciplinary authority); and SCR 3.130(5.3)(b) (failing to ensure conduct of staff). On April 13, 2011, Crawford first became aware of the pending disciplinary charges in these cases, as well as a thirty-day suspension imposed in an earlier March 24, 2011 disciplinary action, of which he had no prior knowledge.[2]

## KBA File 19271

On May 23, 2006, Kenneth Phillips met with Vicini regarding the denial of his social security disability retirement and was told the Crawford Law Office would accept his case and file an appeal on his behalf with the Social Security Administration (SSA). It is unclear whether Crawford was aware of Mr. Phillips's case, though he concedes Mr. Phillips's file indicates he may have agreed to provide Mr. Phillips limited assistance with his claim in 2006. A request for reconsideration was filed with the SSA but Mr. Phillips was again denied benefits on January 1, 2007. According to the SSA's files, this was the final activity in Mr. Phillips's case. On May 5, 2009, Crawford resigned as Mr. Phillips's counsel.

As with Ziarko, Vicini had extensive unauthorized communication with Mr. Phillips and continued to mislead Mr. Phillips regarding the status of his case after Crawford terminated representation. Among the misrepresentations, Vicini told Mr. Phillips that Crawford was going to contact State Senator David Williams because Senator Williams had a contact in the SSA and had thereby obtained social security benefits for some of Crawford's other clients. Vicini also lied to Mr. Phillips about the amount of money he would receive in back pay, she scheduled and cancelled numerous meetings between Crawford and Mr. Phillips and she repeatedly evaded Mr. Phillips's requests for

1. The deputy who attempted to serve Crawford went to Crawford's office several times to attempt service but was denied access by Blair. They deputy was planning to try to find Crawford in public and serve him then, but a KBA legal assistant told the deputy that would not be necessary and asked him to return the documents to the KBA.

2. Crawford learned of his suspension when a mediation in which he was to participate on April 13, 2011 was cancelled or postponed by a participant who was concerned about Crawford's status as a member of the Bar. Crawford immediately looked up his status on the KBA website and, to his surprise, saw he was listed as a "former member."

his file. When Mr. Phillips finally did receive his file on September 30, 2010 he saw, for the first time, both the May 5, 2009 resignation letter from Crawford and a contemporaneous letter from Crawford to the Corbin social security office informing it of the same. On September 20, 2010, however, Mr. Phillips had spoken with the Corbin social security office and learned they had never received an appeal on his behalf and did not have Crawford listed as his attorney.

As with Ziarko, Mr. Phillips's Bar Complaint was mailed to Crawford's office and signed for by Blair. When Crawford failed to respond, the Complaint and, later, a reminder letter and the Charge were served on the KBA Executive Director in accordance with SCR 3.175. The KBA charged Crawford with violating SCR 3.130(1.3)[3] (failing to diligently represent); SCR 3.130(1.4)(a) and (b)[4] (failing to inform); SCR 3.130(1.16)(d)[5] (failing to protect client interests upon termination); SCR 3.130(5.3)(b)[6] (failing to ensure conduct of staff); SCR 3.130(1.16)(a)(2)[7] (failing to properly withdraw from representation); and SCR 3.130(8.1)(b)[8] (knowingly failing to respond to disciplinary authority). As noted, Crawford first learned there were disciplinary actions pending against him on April 13, 2011.

**3.** The KBA charges Crawford with violating this Rule as it existed both before and after the 2009 Rules Amendments. The Rule was unchanged by the Amendments.

**4.** The KBA charges Crawford with violating this Rule as it existed both before and after the 2009 Rules Amendments. Prior to 2009, the pertinent provisions were codified at SCR 3.130–1.4(a) and (b) but after the Amendments the provisions in SCR 3.130–1.4(a) were renumbered as SCR 3.130–1.4(a)(3) and (a)(4). The text of the Rule was largely unchanged.

### KBA File 19296

This file concerns conduct that occurred in the case of Mr. Phillips's wife, Sheila Phillips, regarding her social security retirement benefits. In November 2003, Crawford communicated with Kentucky Retirement. Systems (KRS) on behalf of Mrs. Phillips and advised her by letter dated April 23, 2004 that her benefits had been restored but would be up for review again in 2007. A letter in Mrs. Phillips's file indicates Crawford resigned as her attorney on May 5, 2009. As with the previous cases, Vicini improperly continued to work on Mrs. Phillips's case, including falsely informing Mrs. Phillips that an appeal had been filed with KRS and that Crawford would loan Mrs. Phillips $3,500.00. Vicini also scheduled and cancelled numerous meetings between Crawford and Mrs. Phillips and she repeatedly evaded Mrs. Phillips's requests for her file. When Mrs. Phillips finally received her file on September 30, 2010, she saw for the first time Crawford's May 5, 2009 resignation letter.

As with the previous cases, Mrs. Phillips's Bar Complaint was mailed to Crawford's office and signed for by Blair. When Crawford failed to respond, the Complaint and, later, a reminder letter and the Charge were served on the KBA Executive Director in accordance with SCR 3.175. The charges in this file are

**5.** Crawford is charged with violating this Rule as it was in effect after the Amendments.

**6.** Crawford is charged with violating this Rule as it was in effect both before and after the Amendments, though the Rule was unchanged by the Amendments.

**7.** The KBA did not specify when this misconduct occurred, but the Rule was unchanged by the Amendments.

**8.** Crawford is charged with violating this Rule as it was in effect after the. Amendments.

the same as those charged against Crawford in Mr. Phillips's file. As noted above, Crawford first learned of the disciplinary actions against him on April 13, 2011. The files in all of Crawford's pending disciplinary matter were consolidated on September 9, 2011 and Crawford filed his motion for consensual resolution on January 25, 2012.

Upon learning of his thirty-day suspension and these pending disciplinary actions, Crawford contacted the KBA and obtained the assistance of counsel. He immediately ceased practicing law in accordance with the prior order of suspension, advised his clients to obtain new counsel and transferred their files accordingly. Crawford also initiated an investigation into his office and discovered Vicini not only intentionally and dishonestly concealed her communications with Ziarko and Mr. and Mrs. Phillips, but for several years had improperly performed legal services for current clients, former clients and people Crawford never agreed to represent. Vicini had also made false statements about Crawford's knowledge of and involvement in their legal matters and his availability to meet with them, all of which Vicini admitted she did without Crawford's knowledge or consent and contrary to her understood responsibilities and obligations as Crawford's assistant. Crawford also discovered Vicini and Blair knowingly and intentionally concealed from him the disciplinary cases. Crawford immediately dismissed Vicini and Blair and obtained assistance in managing his office and sorting through the situation.

In his initial answers to these charges Crawford denied violating any Rules of Professional Conduct, asserting he had no knowledge of Vicini's actions and had been unaware of the disciplinary actions against him because they were deliberately concealed by Blair and Vicini. In his motion for consensual discipline, however, Crawford stated that he and his immediate family had been dealing with serious health issues at that time, which had often prevented him from being present in the office and properly supervising his staff. He admitted violating all rules as charged.

### Prior Discipline and KBA File 19682

Crawford's sole prior discipline is a thirty-day suspension imposed on March 24, 2011 for conduct similar to that involved in this case. The KBA protested Crawford's reinstatement after the thirty-day period had elapsed and he remains suspended at this time. *Kentucky Bar Association v. Crawford,* 2010–SC–000813 (March 24, 2011). Crawford maintains he was completely unaware of this case and the order of suspension and so unwittingly continued to practice law in violation of the Supreme Court's order. When he became aware of the suspension on April 13, 2011, he immediately ceased practicing law.

KBA File 19682 concerns Crawford's alleged violation of SCR 3.130(5.5) (unauthorized practice of law) for continuing to practice law in contravention of the Court's order of suspension. In his motion for consensual discipline, Crawford admits the KBA has probable cause to issue a Charge against him in this file.

Upon review of the record and pertinent precedent, and having received no objection from the KBA, this Court finds the proposed consensual discipline to be appropriate and declines further review. SCR 3.480(2). It is hereby ORDERED: ENTERED: April 26, 2012.

/s/ John D. Minton
    Chief Justice

1. Timothy Crawford, member number 15678, is suspended from the practice of law in this. Commonwealth for sixty-one days.

2. Thirty-one days of Crawford's suspension is probated for two years provided Crawford complies with the following conditions:

    a. Crawford must not receive any additional disciplinary charges during those two years; and

    b. Crawford must, at his expense, attend and successfully complete the next KBA Ethics and Professional Enhancement Program (EPEP). Crawford will not apply for CLE credit of any kind for attendance at the EPEP and must furnish a release and waiver to the Office of Bar Counsel to review his records with the CLE Commission for one year from the completion of said EPEP to verify that he has not reported any hours to the CLE Commission based on his EPEP attendance.

3. Pursuant to SCR 3.450, Crawford is directed to pay all costs associated with these disciplinary proceedings, in the amount of $1,736.25, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.