Timothy **CRAWFORD**, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

No. 2013–SC–000669–KB.

Supreme Court of Kentucky.

Oct. 24, 2013.

## *OPINION AND ORDER*

Timothy Crawford, KBA No. 15678, was admitted to the practice of law in the Commonwealth of Kentucky on November 7, 1984 and his bar roster address is listed as P.O. Box 1206, Corbin, Kentucky, 40702. This Court suspended Crawford from the practice of law for a period of sixty-one days, with thirty-one days probated for two years, effective April 26, 2012. *Crawford v. Ky. Bar Ass'n,* 364 S.W.3d 185, 188–89 (Ky.2012).

## I. BACKGROUND

Prior to his current suspension, Crawford was suspended for a period of thirty days on March 24, 2011. Crawford maintained that he was unaware of this suspension because disciplinary actions against him were deliberately concealed by his assistants. Typically, a thirty-day suspension will expire by its own terms pursuant to SCR 3.510(2). However, Crawford was also the subject of four separate disciplinary investigations by the Kentucky Bar

Association (KBA) in 2011. This caused Bar Counsel to file an objection to automatic reinstatement. Ultimately, the disciplinary investigations resulted in charges and were consolidated for consideration by this Court. Crawford conceded he violated the Rules of Professional Conduct as charged in KBA files 18346, 19271, 19296, and 19682.[1] *Id.* at 185. Each disciplinary charge had a similar factual basis. We summarized the basic situation in *Crawford:*

> The problematic conduct underlying this disciplinary case stems in large part from the actions of Crawford's assistant ... and his receptionist ... who appear to have been accepting clients and working on cases without Crawford's knowledge or consent, as well as concealing from him the existence of this and prior disciplinary action.

*Id.*

After reaching an agreement with the KBA regarding a negotiated sanction, Crawford was suspended for sixty-one days, thirty-one of which were probated for two years on the condition that he not receive any additional disciplinary charges during that time, that he attend the KBA Ethics and Professional Enhancement Program, and that he pay all costs associated with the disciplinary proceedings. *Id.* at 188–89.

## II. APPLICATION FOR REINSTATEMENT

Ordinarily, suspensions of less than 180 days expire by their own terms pursuant to KRS 3.510(2). However, because Bar Counsel objected to Crawford's automatic

---

1. Crawford conceded to violating SCR 3.130(1.30) (failing to diligently represent); SCR 3.130(1.4)(a) and (b) (failing to inform); SCR 3.130(1.16)(a)(2) (failing to properly withdraw from representation); SCR 3.130(1.16)(d) (failing to protect client inter-

ests upon termination); SCR 3.130(5.3)(b) (failing to ensure conduct of staff); SCR 3.130(5.5) (unauthorized practice of law); and SCR 3.130(8.1)(b) (knowingly failing to respond to disciplinary authority).

reinstatement following his original thirty-day suspension, he was required to submit an application for reinstatement pursuant to SCR 3.510(3).[2] Crawford applied for reinstatement with the KBA on August 3, 2012. The Character and Fitness Committee of the Kentucky Office of Bar Admissions conducted an in-house investigation to determine whether Crawford should be approved to practice law.

The KBA Board of Governors (Board) found that the Character and Fitness Committee conducted a thorough review of the record amassed during its investigation. Crawford's character and fitness application revealed that no new issues for concern arose while he was under suspension.[3] Three affidavits from Kentucky attorneys wholeheartedly endorsed Crawford. A letter from the Continuing Legal Education office certified that Crawford complied with his educational requirements. Additionally, a memo certified that Crawford has paid the costs of disciplinary proceedings as directed by this Court.

Crawford voluntarily disclosed to the Board that he received mental health counseling from Dr. William Briscoe following the death of his fifteen-year-old son from a golf cart accident. Dr. Briscoe submitted a letter stating that counseling was to address the grieving process. Further, Crawford submitted a letter from Kentucky Lawyer Assistance Program Director Yvette Hourigan stating that she encouraged grief counseling and that she saw nothing indicating a potential impairment issue. Also, Crawford submitted additional personal references from former clients and local lawyers that provided favorable opinions of his character and legal abilities.

The Character and Fitness Committee issued the following Findings of Fact, Conclusions of Law, and Recommendation:

(a) Crawford complied with every term of the order of suspension;

(b) His conduct while under suspension showed that he is worthy of the trust and confidence of the public;

(c) He possessed sufficient professional capabilities to serve the public as a lawyer;

(d) He exhibited good moral character; and

(e) He appreciated the wrongfulness of his prior misconduct, expressed contrition, and took steps to ensure similar conduct would not occur.

The Character and Fitness Committee recommended approval of Crawford's application for reinstatement, subject to compliance with CLE requirements and payment of costs associated with the disciplinary proceedings.[4]

### III.  BOARD'S RECOMMENDATION

The Board found that Crawford met the high burden of proof required to demonstrate he should be reinstated to the prac-

---

2. SCR 3.510(3) states, in pertinent part:

The Character and Fitness Committee will determine whether the application of a member who has been suspended one hundred eighty (180) days or less but whose termination of suspension has been objected to ... should be approved.... The Board shall review the record and report and recommend approval or disapproval of the application to the Court. The Court may enter an order reinstating the appli-

cant to the practice of law or deny the application.

3. Crawford had two speeding tickets prior to his suspension, and his credit report revealed several late payments during the suspension, but the KBA noted that the late accounts are now current.

4. The Board has confirmed that Crawford has completed his CLE obligation for the year ending June 30, 2014.

tice of law.[5] Accordingly, the Board unanimously recommended approval of Crawford's application for reinstatement fourteen to zero and recommended to this Court that Crawford be reinstated under SCR 3.510.

## IV. ADOPTION OF BOARD'S RECOMMENDATION

We accept the Board's recommendation and order:

1. Timothy Crawford is hereby reinstated to the practice of law in the Commonwealth; and

2. Crawford is directed to pay all costs associated with this proceeding, including amounts incurred after the consideration and vote by the Board of Governors, as calculated and certified by the Disciplinary Clerk in the amount of $432.01 as required by SCR 3.150(1).

All sitting. All concur.

ENTERED: October 24, 2013.

/s/ <u>John D. Minton, Jr.</u>
    Chief Justice

5. A reinstatement applicant has the burden of proving, by clear and convincing evidence, that he possesses the requisite character, fitness, and moral qualification for readmission to the practice of law. SCR 2.300(6); SCR 3.330.